UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JULIA SIROIS-JOHN,

      Plaintiff,

v.                                Case No. 6:25-cv-723-JA-DCI

PFIZER, INC.; GREENSTONE
LLC; PHARMACIA & UPJOHN
CO. LLC; and PHARMACIA LLC,

      Defendants.
_____

## ORDER

This case is before the Court on review of the Complaint (Doc. 1).

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

In the Complaint, Plaintiff bases subject-matter jurisdiction on diversity of citizenship under 28 U.S.C. § 1332. But Plaintiff has not sufficiently pleaded diversity of citizenship.

Although Plaintiff has correctly identified her own citizenship and that of one Defendant—Pfizer Inc.—she has not properly identified the citizenship of the other three Defendants. First, with regard to Defendant Greenstone, LLC, Plaintiff states that Greenstone, LLC "is a limited liability corporation organized under Delaware law with its principal place of business" in North Carolina. (Doc. 1 at 3). However, the "LLC" designation in Greenstone, LLC's name indicates that this Defendant is a limited liability company, not a corporation. And the citizenship of a limited liability company is determined not by the state of its organization or its principal place of business but by the citizenships of all of its members. *See, e.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

The same deficiency exists in Plaintiff's allegations regarding the citizenships of the other two Defendants, Pharmacia & Upjohn Co. LLC and Pharmacia LLC. Despite "LLC" in the names of these Defendants, Plaintiff alleges that they are corporations and lists the states where they are organized and have their principal places of business. Again, if they are corporations, they would not have "LLC" in their names, and if they are LLCs, their citizenship is determined by the citizenships of all of their members.

Without proper allegations of the citizenships of all parties, the Court cannot determine whether it has subject-matter jurisdiction over this case.

Accordingly, it is **ORDERED** as follows:

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. **No later than May 9, 2025,** Plaintiff shall file an amended complaint that properly identifies the citizenships of all parties. Failure to file an amended complaint by this deadline may result in dismissal of this action.

**DONE** and **ORDERED** on April 28, 2025.

                                                JOHN ANTOON II
                                                United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties